IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

JAXON FLUMMERFELT

              Plaintiff

    vs

SCHEELS ALL SPORTS INC

              Defendant

Case No: 22CV02846
Division:   4
K.S.A. Chapter 60

## SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

        Name:    STEVEN A EDIGER
        Address: P.O. BOX 8620
                  PRAIRIE VILLAGE, KS 66208
        Phone:  (913) 608-5844

Within 21 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



                             /s/ Jennie Leach
                             Clerk of the District Court

Dated:  June 13, 2022

**EXHIBIT A**

Johnson County Court House, 150 W. Santa Fe St., Olathe, KS 66061

*Clerk of the District Court, Johnson County Kansas*
*6/13/2022 09:01:13 HNS*

22CV02846
Div4

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

### Pursuant to K.S.A. Chapter 60

JAXON FLUMMERFELT

    Plaintiff

vs.

SHEELS ALL SPORTS, INC.      Case No.

    Defendant

## PETITION

**COMES NOW THE PLAINTIFF,** and for his cause of action against the Defendant, alleges and states:

1.  That the Plaintiff was at all relevant times a resident of Lawrence, Douglas County, Kansas.

2.  Defendant is a foreign corporation registered to do business in Kansas and may be served upon its registered agent, Kevin Lambly, 6503 West 135th Street, Overland Park, KS 66223. Defendant owns and operates a sporting goods store at 6503 West 135th Street, Overland Park, Kansas.

3.  On or about June 21, 2021, Plaintiff was a lawful invitee at the Scheels store and handed some merchandise to a juvenile friend from Lawrence, Kansas who shopping with him, when the juvenile put the merchandise in his pocket.

4.  Plaintiff told the juvenile to put the merchandise back or Plaintiff would leave.

1

When the juvenile refused to put the merchandise back, Plaintiff left the premises and drove back to Lawrence, Kansas without the juvenile.

5.   That the Defendant notified the Overland Park Police Department that the juvenile and the Plaintiff had been stealing merchandise and instigated the arrest of the juvenile.

6.   That the juvenile was arrested while leaving the store and was brought back to the Defendant's security area and, after being handcuffed, was interrogated by both a security employee of the Defendant and by an officer of the Overland Park Police Department.

7.   That both a security employee of the Defendant and the Overland Park Police reviewed the video tape of the juvenile and the Plaintiff on the Defendant's premises. At no time was there any evidence on the video that the Plaintiff took any merchandise or intentionally assisted the juvenile in stealing any merchandise.

8.   During the interrogation, the Defendant's security employee had ample opportunity to listen to the juvenile's statements and at no time did the juvenile state the Plaintiff participated in or knew of the thefts. The security employee was also aware Plaintiff had left the premises without the juvenile and had no reason to believe the Plaintiff taken merchandise with him.

9.   That the Defendant's security employee wrongly concluded that the Plaintiff had participated in the thefts and the employee actively participated in, countenanced and encouraged criminal proceedings against the Plaintiff.

*Clerk of the District Court, Johnson County Kansas*
*06/12/22  06:08pm HNS*

10.     That subsequent to charging the Plaintiff with theft,  the juvenile subsequently wrote a letter stating that the Plaintiff did not participate in the thefts and did not know the items were going to stolen.

11.     That after the letter was presented to the prosecutor, the charges were dismissed.

12.     That the Plaintiff's personal freedom was restrained without legal excuse because he was forced to yield to the  threats of  being jailed if the he did not  come to the Overland Park Police Station and pick up his summons for theft and notice to appear.

13.     That the Defendant did not have probable cause to believe the Plaintiff  had actual possession of or was about to take possession of merchandise and is not entitled to assert the merchants defense under K.S.A. 21-3424.

14.     As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages  in excess of $75,000.

**WHEREFORE** the Plaintiff prays for judgment against the Defendants in an amount in excess of $75,000.00, and the costs of this action.

3

*Clerk of the District Court, Johnson County Kansas*
*06/12/22  06:08pm HNS*

Respectfully submitted,

/s/ *Steven Ediger*
Steven A. Ediger, #11329
STEVEN A. EDIGER, P.A.
4800 Rainbow Blvd, Suite 200B
Westwood, KS 66205
913-608-5844 (phone)
913-362-5116 (fax)
higgins803@aol.com

ATTORNEY FOR PLAINTIFF

DEMAND FOR JURY TRIAL

COMES NOW  the Plaintiff and hereby demands a trial by jury on all triable issues.

/s/ Steven Ediger

4